IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

STEPHANIE OWENS,

                Plaintiff,                    OPINION AND ORDER

v.

                                          19-cv-372-wmc

UNITED CREDIT SERVICE, INC.,

                Defendant.

Plaintiff Stephanie Owens alleges defendant United Credit Service, Inc., violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e, by sending her a dunning letter that contained a false and deceptive representation. (Am. Compl. (dkt. #9) ¶ 15.) Defendant seeks dismissal of plaintiff's claims on the basis that she fails to state a plausible claim under the "unsophisticated consumer" standard applicable to FDCPA claims. (Dkt. #11.) While defendant has presented no cases that squarely address the language used in this dunning letter, the court concludes that the statement at issue is not facially misleading on the alternative, equally dispositive grounds that: (1) it is puffery or used to create a mood; or (2) plaintiff's alleged reaction to it is "bizarre or idiosyncratic." As such, the court will grant defendant's motion to dismiss.

FACTS[1]

Stephanie Owens, a resident of Iowa County, Wisconsin, incurred consumer debt in the form of a medical bill. United Credit Services is a debt collection business located

---

[1] When ruling on a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the court draws all permissible inferences in favor of the non-moving party. *Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 639 (7th Cir. 2015).

in Elkhorn, Wisconsin. United Credit sent Owens a letter dated February 19, 2019, in an effort to collect her outstanding medical debt. That letter included the amount owed, the name of the creditor, the date the debt was incurred, and payment options. (Def.'s Br. (dkt. # 12) 2; *Id.*, Ex. 1 (dkt. #12-1) 1.)[2] Central to plaintiff's claim, the letter states: "CIRCUMSTANCES REGARDING YOUR EXISTING DEBT MAKE IT URGENT THAT YOU CALL THIS OFFICE IMMEDIATELY." (Am. Compl. (dkt. #9) ¶ 14.)

Owens alleges this statement was false and deceptive because: plaintiff interpreted the letter to indicate something urgent was going to happen; and "nothing urgent happened after Defendant United Credit sent the letter to Ms. Owens." (*Id.* ¶¶ 19–20.) Moreover, as a result of this statement, Owens alleges that she became anxious. Finally, she alleges that the statement factored into Owens's decision to file for bankruptcy.

OPINION[3]

In order to survive a motion to dismiss, a claim must be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Determining if a debt collector's statements are false, deceptive or misleading is often a fact-laden inquiry. *Zemeckis v. Glob. Credit & Collection Corp.*, 679 F.3d 632, 636 (7th Cir.

---

[2] The court may consider the letter attached to defendant's motion to dismiss without converting the motion to a motion for summary judgement because (1) the complaint references the letter and (2) the letter is central to the complaint. *Wright v. Assoc. Ins. Cos.*, 29 F.3d 1244, 1248 (7th Cir. 1994) (citing *Venture Assocs. v. Zenith Data Sys.*, 987 F.2d 429, 431 (7th Cir. 1993)).

[3] The plaintiff's amended complaint meets standing requirements by pleading that plaintiff suffered an injury in fact, traces the injury to the defendant's conduct, and requests relief that would redress the harm in the event of a favorable judicial outcome. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).

2012) (citing *Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 776 (7th Cir. 2007)). Nonetheless, the Seventh Circuit has recognized at least four instances where dismissal of FDCPA claims on the pleadings are appropriate: (1) a letter is not facially misleading, *Taylor v. Cavalry Investment, L.L.C.*, 365 F.3d 572, 574–75 (7th Cir. 2004); (2) an alleged false statement is obviously true, *id.* at 575-76; (3) a defendant uses clear statutory language, *Jang v. A.M. Miller & Associates*, 122 F.3d 480, 483–84 (7th Cir. 1997); or (4) the misleading statement is immaterial, *Gutierrez v. AT&T Broadband, LLC*, 382 F.3d 738–40 (7th Cir. 2004). *Evory*, 505 F.3d at 776–77; *see also Dunbar v. Kohn Law Firm, S.C.*, 896 F.3d 762, 764-765 (7th Cir. 2018) (citing *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018)).

The court considers FDCPA claims from the perspective of an objective or reasonable, unsophisticated consumer. *See Dunbar*, 896 F.3d at 764–765 (applying the objective "unsophisticated consumer" standard); *McMillan v. Collection Prof'ls, Inc.*, 455 F.3d 754, 758 (7th Cir. 2006) (noting the "unsophisticated debtor" is reasonable); *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 415 (7th Cir. 2005) ("unsophisticated-debtor standard is an objective one"); *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994) (contrasting the unsophisticated consumer who is reasonable with the least sophisticated consumer who is not). Although the unsophisticated consumer is "uninformed, naïve, and trusting," courts emphasize that she is not a "dimwit." *Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 645 (7th Cir. 2009) (quoting *Veach v. Sheeks*, 316 F.3d 690, 693 (7th Cir. 2003)). She has basic knowledge of the financial world and can

3

make reasonable inferences and deductions. *Id.* (citing *Pettit v. Retrieval Masters Creditor Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000)).

Here, defendant contends that the challenged statement in its February 19, 2020, collection letter is not facially misleading, because (1) it qualifies as puffery or creates a mood; and (2) plaintiff's anxious response to the letter by filing for bankruptcy was bizarre or idiosyncratic. (Def.'s Br. (dkt. #12) 2-3.) With respect to the *first* argument, the Seventh Circuit has instructed that when a debt collector uses language deemed "puffery," that language is not facially misleading because it is designed to create a mood, not convey concrete information. *Taylor*, 365 F.3d at 575; *see also Zemeckis,* 679 F.3d. at 636. As defendant points out, the Seventh Circuit considered similar language to the statement at issue here in *Taylor* and *Zemeckis*, and held in both cases that statements like "[a]ct now to satisfy your debt" or "call today" constituted puffery "designed to create a mood rather than to convey concrete information or misinformation." *Zemeckis*, 679 F.3d at 636 (quoting *Taylor*, 365 F.3d at 575). In fairness, both cases concerned a different provision of the FDCPA than is at issue here. Specifically, the plaintiffs in *Zemickis* and *Taylor* claimed that the language in the dunning letters obscured the 30-day period under § 1692g(b) to dispute a debt.[4] Regardless of the specific FDCPA provision at stake or other arguable distinctions, however, the Seventh Circuit has now concluded twice that "[e]ven the most unsophisticated debtor would realize that debt collectors wish to expedite

---

[4] *Taylor* is also distinguishable on the basis that it was an appeal of a grant of a motion for summary judgment, rather than dismissal on the pleadings. In *Zemeckis*, however, the court reviewed the district court's grant of a motion to dismiss, explaining that when the "dunning letter was clear as a matter of law," plaintiff is not prejudiced by being denied the opportunity to submit extrinsic evidence, in the form of a consumer survey, to support her claim. *Zemeckis*, 679 F.3d at 637.

4

payment." *Zemickis*, 679 F.3d at 636 (quoting *Taylor*, 365 F.3d at 575-76).

In response, plaintiff nevertheless argues that these cases "stop short of the false illusion of urgency in the letter sent to plaintiff." (Pl.'s Opp'n (dkt. #14) 3.) From the court's review, however, the language of "act now to satisfy your debt" or "call today" conveys the same mood as the language at issue here, which also advises plaintiff that it is "urgent that you call this office immediately," albeit with all capital letters, and a vague reference to "circumstances." Certainly, courts have concluded that this type of urgent language could be deemed misleading in the context of threatened litigation. *See, e.g., Bandas v. United Recovery Servs.*, No. 17 C 1323, 2017 WL 5191844, at *3 (N.D. Ill. Nov. 8, 2017) (denying motion to dismiss FDCPA claim where dunning letter urged plaintiff to contact the office "today" to avoid "further procedures"). Here, however, there is no language in the dunning letter even suggesting possible litigation, nor any other kind of express threat.

Even if *Taylor* and *Zemeckis* were distinguishable, either because of slight differences in the language or font at issue in those letters versus the language here or the different FDCPA provisions in play, defendant offers another reason to dismiss plaintiff's claim: namely, plaintiff's interpretation of the statement -- the situation was so anxiety-inducing and urgent that it required her to file for bankruptcy -- is bizarre or idiosyncratic. As a matter of law, debt collectors are not liable for far-fetched interpretations of the language used in dunning letters. *See Gammon*, 27 F.3d at 1257; *McMillan*, 455 F.3d at 758 (citing *Durkin*, 406 F.3d at 414; *Pettit*, 211 F.3d at 1060). Courts properly dismiss claims that a representation is false, deceptive, or misleading when it is "apparent that [] 'not even a

5

significant fraction of the population would be misled' by a collection letter." *Koehn v. Delta Outsource Grp., Inc.*, 939 F.3d 863, 865 (7th Cir. 2019) (quoting *Zemeckis*, 679 F.3d at 636).

Here, plaintiff alleges that she interpreted the representation to mean "something urgent was going to happen" (Am. Compl. (dkt. #9) ¶ 20), and as a result, she became so anxious that she preemptively filed for bankruptcy in part due to the letter (*id.* ¶¶ 19, 21). Drawing all inferences in plaintiff's favor, it is apparent that a significant portion of reasonable unsophisticated consumers would not interpret the language in the dunning letter to mean something was going to happen requiring a reasonable, unsophisticated consumer to file for bankruptcy. *McMillan*, 455 F.3d at 760 ("Undoubtedly, there will be occasions when a district court may find that no reasonable person, however unsophisticated, could construe the wording of a communication in a manner that will violate the statutory provision."). Even if one *might* reasonably react to such a bold, all-cap statement where a much larger amount was at stake, the context of the statement here matters: as reflected in the collection letter, a total of $220.04 is at stake. Even acknowledging that this might be a daunting amount to some, especially if other debts mounted as a result of medical and other expenses, no reasonable trier of fact could find that a significant fraction of the population would arrive at plaintiff's claimed interpretation of the statement over that sum of money, never mind claimed reaction. Because the plaintiff's claimed interpretation of the dunning letter and her reaction to it is facially bizarre or idiosyncratic in this context, the court concludes that it is not facially misleading.

While the court recognizes that FDCPA claim frequently require fact-intensive inquiries, here, the language at issue is not misleading as a matter of law either because the language is puffery, used to set a mood or because plaintiff's interpretation of the letter was bizarre or idiosyncratic. As such, the court agrees with defendant that dismissal on the pleadings is appropriate.

ORDER

IT IS ORDERED that:

1) Defendant United Credit Service, Inc.'s motion to dismiss (dkt. #11) is GRANTED.

2) The clerk's office is directed to enter judgment in favor of defendant.

Entered this 29th day of May, 2020.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge